NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSWALD WILSON,<br><br>                Plaintiff,<br><br>   v.<br><br>JUSTIN ORTEGA *et al.*,<br><br>                Defendants. | Civil Action No. 23-00349 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

      **THIS MATTER** comes before the Court from the Superior Court of New Jersey, Monmouth County, following Oswald Wilson's removal of Deutsche Bank National Trust Company's foreclosure case against him. (ECF Nos. 1, 1-3.) The Court ordered the parties to show cause why this case should or should not be remanded to state court under the *Rooker-Feldman* doctrine. (ECF No. 26.) Deutsche Bank and Wilson responded. (ECF Nos. 27, 31.) The Court carefully considered the submissions and decides the issue without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Deutsche Bank's foreclosure case is **REMANDED**, and Wilson's independent claims are **DISMISSED** without prejudice.

**I.    BACKGROUND**

      On January 20, 2023, Wilson filed a notice of removal of a state-court foreclosure case brought against him in the Superior Court of New Jersey. (ECF No. 1.) In doing so, Wilson flipped the case's caption, naming himself as the plaintiff, and added a handful of defendants who

were not parties in the state-court case. (ECF No. 1 at 1.[1]) Wilson also asserted a "35-million dollar claim" under 42 U.S.C. § 1983 for deprivation of civil rights, violation of due process, conspiracy to commit real estate deed fraud, forgery, wrongful foreclosure, breach of contract, and obstruction of the administration of justice. (*Id.* at 3.) Wilson made clear though that his pleading was a notice of removal: he titled the pleading "Notice [o]f Removal [t]o United States District Court"; noted that his petition was "for removal from the Superior Court of New Jersey Monmouth County, State of New Jersey"; and included the "State Court Cause No. F-002996-12." (*Id.* at 1.)

Shortly after removal, Wilson sought a temporary restraining order to block the state court from proceeding with the foreclosure and eviction. (ECF No. 3.) The Court declined to resolve Wilson's motion *ex parte* and ordered him to serve all Defendants. (ECF No. 4.) The Court also ordered Wilson to refile his pleadings, including his notice of removal, a copy of the state-court complaint, and his motion for a temporary restraining order, in compliance with the local and federal rules. (ECF No. 8.)

Wilson timely refiled his notice of removal along with various records from the state-court action. (ECF No. 9.) He then sought (1) an injunction blocking the state court from proceeding with the foreclosure and eviction while his "motion to challenge jurisdiction" was pending, and (2) an emergency hearing on the matter. (ECF No. 10.) But the Court again found no cause to resolve the motion *ex parte* and directed Wilson to serve the other parties under the federal rules. (ECF No. 11.)

In April 2023, Wilson filed a proposed amended complaint along with another motion for substantially similar injunctive relief as previously sought. (ECF No. 12.) In response, Deutsche

---

[1]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Bank filed a letter asking the Court to remand the case. (ECF No. 19.) In support, Deutsche Bank enclosed the foreclosure complaint from the underlying state action; the final judgment of foreclosure entered on April 14, 2015; the Sheriff's Deed resulting from the foreclosure sale on June 17, 2019; and a letter from the Monmouth County Sheriff confirming that the eviction lockout was completed on January 26, 2023. (*Id.*) The Court ordered Deutsche Bank to file a formal motion for remand. (ECF No. 24.)

In May 2023, Deutsche Bank moved to remand. (ECF No. 25.) Deutsche Bank argued that the Court lacks federal question jurisdiction over this foreclosure action, that the "forum defendant" rule makes Wilson's removal improper under 28 U.S.C. § 1441(b)(2), and that Wilson's removal was untimely under 28 U.S.C. § 1446(b)(1). (*See generally* ECF No. 25.) After reviewing the motion, the Court ordered the parties to show cause why the Court should or should not remand this case to state court under the *Rooker-Feldman* doctrine.[2] (ECF No. 26.)

In its show-cause papers, Deutsche Bank attaches records detailing the history of the state-court action.[3] According to the state-court complaint, in February 2012, Deutsche Bank brought a mortgage foreclosure action against Wilson and Beverly A. Wilson after the Wilsons defaulted on a note secured by a mortgage on real property located in Freehold, New Jersey. (ECF No. 27-2.) The complaint states two counts, both under state law. The first count sought foreclosure against the mortgage and the property, and the second count sought possession of the property.

---

[2]    *See generally Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3]    The Court may take judicial notice of the underlying state court proceedings. *See In re Congoleum Corp.*, 426 F.3d 675, 679 n.2 (3d Cir. 2005) ("We take judicial notice of the state court proceedings insofar as they are relevant here."); *Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

(*Id.*) In May 2013, Deutsche Bank amended the complaint to add allegations about a loan modification that were inadvertently omitted from the original complaint. (ECF No. 27-3.)

Wilson defaulted in the state-court case. In January 2014, the court denied the Wilsons' motion to vacate the default. (ECF No. 27-5.) In April 2015, the court entered final judgment in favor of Deutsche Bank and against the Wilsons. (ECF No. 27-6.) The court ordered that the mortgaged property be sold to satisfy the Wilsons' debt. (*Id.*) In June 2019, the property was sold at a foreclosure sale to Deutsche Bank. (ECF No. 27-7.) The county sheriff then issued a deed of foreclosure, which was recorded with the Monmouth County Clerk's Office. (ECF No. 27-8.)

Several unanticipated events—namely, pandemic-related eviction moratoriums and Wilson's bankruptcy filing—supposedly prevented Deutsche Bank from evicting Wilson. (ECF No. 27 at 4-5.) In December 2022, the state court entered an order staying eviction of Wilson through March 30, 2023. (ECF No. 27-9.) Deutsche Bank alleges that before it could carry out the scheduled lockout for the property, Wilson filed a notice of removal in this Court.[4]

## II.    DISCUSSION

### A.    The Foreclosure Action

District courts may not *sua sponte* remand for procedural defects after more than 30 days have elapsed since the notice of removal was filed. *Green Tree Servicing LLC v. Cargille*, 662 F. App'x 118, 120-21 n.1 (3d Cir. 2016) (citing *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3d Cir. 1995); *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. 2000)); *see, e.g.*, *Wells Fargo Bank, N.A. v. Dey-El*, 788 F. App'x 857, 859-60 (3d Cir.

---

[4]    The eviction was apparently completed on January 26, 2023, according to the Monmouth County Sherriff's state-court filing. (*See* Writ Return, *Deutsche Bank National Trust Co. v. Wilson et al.*, Docket No. F-2996-12 (N.J. Super. Ct. Ch. Div. May 22, 2023), Trans. ID: CHC2023137191.)

2019) ("The forum-defendant rule is not jurisdictional and is instead a defect in removal that must be raised in a timely motion to remand."). Thus, for this Court to have authority to remand for Wilson's untimely or otherwise procedurally defective removal, Deutsche Bank needed to move based on the procedural defect within 30 days after Wilson filed the notice of removal. Deutsche Bank did not do so. Wilson removed the case on January 20, 2023, and Deutsche Bank first requested remand on April 21, 2023. (ECF Nos. 1, 19; *see also* ECF No. 25-2 at 11 ("Admittedly, Deutsche is arguably out of time under 28 U.S.C. § 1447(c) to bring a motion to remand for any reason other than lack of subject matter jurisdiction because more than thirty days (30) has passed since the filing of the notice of removal.").)

The Court may, however, remand after the 30-day period for lack of subject-matter jurisdiction. *See Santucci v. Madden*, Civ. No. 10-5075, 2011 WL 133719, at *1 (D.N.J. Jan. 13, 2011) ("If [the defendant's] removal merely violated the removal statute, 28 U.S.C. § 1441, the Court would lack the power to remand because plaintiff failed to move within 30 days, . . . . [But] [i]f, on the other hand, there is a defect in the Court's subject matter jurisdiction, it would not be waived, because subject matter jurisdiction can be raised at any time." (first citing *Roxbury Condominium Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 227 (3d Cir. 2003) and then citing *Brown v. Phila. Housing Auth.*, 350 F.3d 338, 346–47 (3d Cir.2003))). To the extent that Wilson seeks relief from the eviction order issued by the state court, his claims are barred by either the *Younger* abstention or the *Rooker-Feldman* doctrines. *See, e.g., Coppedge v. Deutsche Bank Nat. Tr.*, 511 F. App'x 130, 131 (3d Cir. 2013) (affirming abstention under *Younger* and *Rooker-Feldman* where plaintiff asked district court to enjoin and review state court proceedings concerning a writ of possession).

Under the *Younger* abstention doctrine, "federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances." *In re Messer*, Civ. No. 24-07880, 2024 WL 3639327, at *2 (D.N.J. Aug. 2, 2024) (quoting *Dye v. Fed. Home Loans Corp.*, Civ. No. 09-640, 2009 WL 3927125, at *1 (D. Del. Nov. 18, 2009)). "The court must abstain where: '(1) there are ongoing state proceedings involving the would-be federal plaintiffs that are judicial in nature, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal claims.'" *Id.* (quoting *Dye*, 2009 WL 3927125, at *1).

To the extent that the state-court eviction action has not concluded, all of the *Younger* abstention requirements are met here. Wilson initially sought to stop a pending state-court eviction proceeding. New Jersey has an important interest in resolving disputes over evictions from property in the State. *In re Messer*, 2024 WL 3639327, at *3. Wilson has an adequate opportunity to raise his claims in state court. Indeed, on Wilson's motion, the state court stayed the eviction of Wilson and extended the writ of possession. (*See* Order, *Deutsche Bank National Trust Co. v. Wilson et al.*, Docket No. F-2996-12 (N.J. Super. Ct. Ch. Div. Dec. 6, 2022), Trans. ID: CHC2022291617.) And New Jersey's appellate courts offer an adequate forum to review state trial court rulings. Thus, Wilson has not identified any special circumstances that would permit this Court "to take the extraordinary step of issuing an injunction to interfere with state court proceedings." *In re Messer*, 2024 WL 3639327, at *3 (quoting *Dye*, 2009 WL 3927125, at *2).

Even if the state-court eviction action has concluded, the *Rooker-Feldman* doctrine bars federal courts "from hearing cases 'that are essentially appeals from state-court judgments.'" *Id.* at *2 (quoting *Young v. U.S. Bank Nat'l Ass'n*, Civ. No. 24-2315, 2024 WL 2925967, at *2 (E.D. Pa. June 10, 2024)). *Rooker-Feldman* has four prerequisites: "(1) the federal plaintiff lost in state

court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original).

All *Rooker-Feldman* prerequisites are met here. *First*, the state-court entered final judgment against Wilson (ECF No. 27-6); *second*, Wilson now complains of injuries caused by the state court's rejection of his motion to vacate default and the grant of final judgment against him (ECF Nos. 1, 12); *third*, Wilson filed in this Court nearly eight years after the state court entered judgment against him (ECF Nos. 1, 27-6); and *fourth*, Wilson asks this Court to revisit the underlying state-court case (*see* ECF No. 1-1 at 3-5). Thus, *Rooker-Feldman* would also bar Wilson's challenge. *See Coppedge v. Deutsche Bank Nat. Tr.*, 511 F. App'x 130, 132 (3d Cir. 2013) (noting that a district court sitting "in appellate review of state-court proceedings" is "a role *specifically* prohibited by *Rooker-Feldman*"); *see also Otto v. Wells Fargo Bank, N.A.*, 693 F. App'x 161, 163 (3d Cir. 2017) ("To the extent that Otto's complaint can be read to include a request for the District Court to overturn or negate the state court judgment of foreclosure, we agree that the *Rooker-Feldman* doctrine bars the suit.").

Federal courts also consistently hold that in addition to the *Younger* abstention and the *Rooker-Feldman* doctrines, "the Anti-Injunction Act precludes a federal court from enjoining state-court eviction or foreclosure proceedings."[5] *Young*, 2024 WL 2925967, at *3 (collecting cases); *see also Wells Fargo Bank, N.A. v. Washington*, Civ. No. 23-617, 2023 WL 5277863, at *2 n.2, n.3 (D.N.J. Aug. 16, 2023) (noting that "the Anti-Injunction Act barred the plaintiff's

---

[5] Indeed, Wilson asked this Court three times to stay the foreclosure proceedings. (ECF Nos. 3, 10, 16.)

7

request to stay state court foreclosure proceedings" (citing *Mestman v. Runaway Beach Condo. Assoc.*, Civ. No. 21-16529, 2021 WL 4848602, at *2 (D.N.J. Sept. 14, 2021))); *Frankel v. Guzman*, Civ. No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) ("[S]everal district courts in this Circuit have held that '[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings.'" (collecting cases)); *Rhett v. Div. of Hous., Dep't of Cmty. Affs.*, Civ. No. 14-5055, 2014 WL 7051787, at *3 n.2 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti-Injunction Act prohibits this Court from taking such action."); *Liggon-Redding v. Generations*, Civ. No. 14-3191, 2014 WL 2805097, at *2 (D.N.J. June 20, 2014) ("[F]ederal courts 'lack the authority to stay any state court proceedings, including Eviction Actions.'" (citation omitted)).

Therefore, Wilson's claims in this case that seek to stay the foreclosure-related proceedings, or claims that were the basis of the foreclosure proceedings, must be remanded.

### B. Independent Claims

Wilson also asserts federal-sounding claims, against new parties, that may be independent from the state-court case.

The *Rooker-Feldman* doctrine does not preclude all claims that relate to a state-court judgment; it applies only to claims that were the basis of, or to injuries allegedly caused by, the state-court judgment. *See Cuevas v. Wells Fargo Bank, N.A.*, 643 F. App'x 124, 126 (3d Cir. 2016) (citing *Great W. Mining*, 615 F.3d at 166). If the federal action presents "some independent claim"—that is, one that does not implicate the validity of the state-court judgment—the doctrine does not apply. *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547-48 (3d Cir. 2006) (quoting *Saudi Basic Industries*, 544 U.S. at 292).

8

"When the plaintiff attempts to litigate previously litigated matters, the federal court has jurisdiction as long as the federal plaintiff presents some independent claim, even if that claim denies a legal conclusion reached by the state court." *Vuyanich v. Smithton Borough*, 5 F.4th 379, 387 (3d Cir. 2021) (quoting *In re Philadelphia Ent. & Dev. Partners*, 879 F.3d 492, 500 (3d Cir. 2018)). "In other words, if the federal court's review does not concern 'the bona fides of the prior judgment,' the federal court 'is not conducting [prohibited] appellate review' even if 'the claim for relief if granted would as a practical matter undermine a valid state court order.'" *Vuyanich*, 5 F.4th at 387 (quoting *In re Philadelphia Ent.*, 879 F.3d at 500) (some quotation marks omitted) (alteration in *Vuyanich*). In that case, the federal court has jurisdiction, and "state law determines whether the defendant prevails under principles of preclusion." *Burrell v. Staff*, 60 F.4th 25, 33 (3d Cir.), *cert. denied sub nom. Lackawanna Recycling Ctr., Inc. v. Burrell*, 143 S. Ct. 2662, 216 L. Ed. 2d 1239 (2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)).

Though Wilson's new claims are not completely clear, they appear to be directed at the mortgage process that led to the foreclosure and not the judgment of foreclosure itself. Thus, Wilson's claims would not be of the kind that are subject to the *Rooker-Feldman* doctrine, but rather are new claims independent from the judgment of foreclosure.

However, Wilson impermissibly asserts his new claims—including those against new Defendants who were not parties to the foreclosure action—through his Notice of Removal. (*See* ECF No. 1.) These claims must be dismissed without prejudice for lack of subject matter jurisdiction. *See Strategic Realty Fund LLC v. Rivers*, 2017 WL 4685264, at *2 (N.D. Tex. Sept. 21, 2017) ("To the extent that the notice of removal seeks to assert new claims, defenses or counterclaims to [the] [p]laintiff's forcible detainer action that arise under federal law, they still

cannot be considered in determining whether federal question jurisdiction exists over this removed case." (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987))); *Guerra v. Guerra*, 2016 WL 3881182, at *2 (N.D. Ind. July 18, 2016) ("To the extent that [the removing defendant] takes issue with the findings and opinions of the . . . state courts . . . she can and should seek relief via that action in state court. If [the removing defendant] believes that she has claims over which this court has jurisdiction, she must initiate a new federal action by filing a complaint that complies with Rule 8 of the Federal Rules of Civil Procedure."); *Johnson v. Johnson*, 2020 WL 1970065, at *3 (E.D. Cal. Apr. 24, 2020), *report and recommendation adopted*, 2020 WL 2468119 (E.D. Cal. May 13, 2020) ("[The] [d]efendant attempts removal pursuant to federal question jurisdiction based on the 31 counter-claims and cross-claims raised in his notice of [removal] . . . . Even assuming these counterclaims had been filed, a cross-complaint cannot be the basis for removal as the inquiry requires that removal be premised solely on plaintiffs' complaint filed in state court."); *U.S. Olympic Comm. v. Ruckman*, Civ. No. 09-4618, 2010 WL 2179527, at *3 (D.N.J. May 28, 2010) ("Because [a party] was not named as a party in the state court action, there was no basis for [the defendant] to add it as a party through his Notice of Removal."). If Wilson wishes to assert his independent claims, he must file and serve a Complaint that complies with the Federal Rules of Civil Procedure. *See, e.g.*, Fed R. Civ. P. 3, 4, 8.

For the reasons set forth above, and other good cause shown,

**IT IS** on this 19th day of December, 2024 **ORDERED** as follows:

1. Plaintiff's claims related to the state foreclosure proceeding are **REMANDED** to the Superior Court of New Jersey, Monmouth County.

2. The Clerk's Office is directed to transmit to the Clerk of the Superior Court a letter enclosing a certified copy of this Memorandum Order.

3. Plaintiff's independent claims are **DISMISSED** without prejudice.

4. The Clerk's Office is directed to mail Plaintiff a copy of this Memorandum Order and **CLOSE** this case.

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**